[Civ. No. 8148. Third Dist. Dec. 17, 1952.]

J. T. GIDRE, Respondent, v. LOREN C. HOUK, Appellant.

D. Oliver Germino for Appellant.

Linneman, Burgess, Telles & Van Atta for Respondent.

VAN DYKE, J.—Plaintiff and respondent brought this action upon an open book account to recover a balance due for money loaned from time to time to defendant and appellant. Appellant denied the allegations of indebtedness and as an affirmative defense alleged that the relations between himself and respondent had been that of joint adventurers, with nothing remaining due from either to the other. The court found that, pursuant to a written agreement between the parties, respondent had advanced moneys from time to time to appellant in connection with the farming by appellant of certain land; that there remained unpaid at the time of trial the total sum of $21,477, for which judgment was given. The court found to be untrue all of the allegations of the affirmative defense. The sole contention on appeal is that the evidence does not support the findings.

Appellant contended and testified that although the parties began operating under the written agreement yet this agreement was mutually abandoned and a joint enterprise initiated to take its place; that under the conditions of the joint enterprise agreement no profits had been made and that by its terms each party was to bear his own losses. Respondent, however, testified that all of the advances had been made under the written agreement. Concededly, that agreement called for repayment and respondent had never gotten back the balance for which judgment was given. Respondent further testified that the written agreement had never been abandoned. Appellant did not deny that he had received all of the money with which the respondent had charged him and he did not claim that he had paid back sums greater than the credits allowed by respondent save as to a small amount which the judgment adjusted.

It thus appears clearly from the record that the issue of abandonment of the written agreement and substitution of a joint venture agreement therefor, the only real defense tendered by appellant in his evidence, was the subject of conflicting testimony. However, appellant claims that, although there is an apparent conflict, yet the conflict is not real because testimony of the respondent is so inherently improbable that on its face it must be held insufficient to

support the findings. In support of this contention he discusses the following matters: The record shows that respondent advanced moneys to appellant from time to time pursuant to the terms of the written agreement until mid-April, 1948; that no more advances were made until about three months thereafter when advances were resumed. Concerning this, appellant testified that the lapse was caused by the intervening inability of respondent to make further advances as called for by his agreement and appellant points to testimony of respondent wherein he was asked on cross-examination if it was not a fact that when he resumed making advances the moneys he loaned appellant were all in fact money belonging to appellant and owed to him by respondent as returns on produce shipped from lands other than the lands referred to in the written agreement. Respondent answered that question ''Yes,'' but on redirect examination it appeared that he had not understood the question or was mistaken in his testimony and he proceeded to show, not only the specific dates and specific amounts of subsequent loans, but the very sources from which he obtained the moneys so loaned, showing that none of them were the funds of appellant; he concluded with the statement that although certain sums of money from the sale of these products on other lands were received by him for appellant they were also credited to appellant and did not form any part of the unpaid balance claimed by him under the written agreement. This reestablished the conflict which apparently had been at least minimized by respondent's answer to the cross-examiner's question. Next, appellant, in support of his charge of abandonment, points out the following question and answer while respondent was under cross-examination: ''Q. . . . Isn't it a fact that after April of 1948 you ran out of money and couldn't finance this crop according to this agreement and this very acreage that is mentioned in this agreement was turned over by you to Kelly Bambauer? A. I never ran out of money, but the Erreca transaction was turned over to Bambauer.'' However, this statement that would support a finding the written agreement had been abandoned was changed by later testimony that the dealings with Bambauer had nothing to do with respondent and did not affect the written agreement in any way. The trial court could accept this explanation and did. ''To warrant it (an appellate court) in determining there is no sub-

stantial evidence because of inherent improbability, there must exist either a physical impossibility of the evidence being true, or a state of facts so clearly apparent that nothing need be assumed nor any inferences drawn to convince the ordinary mind of the falsity of the story." (*Adams* v. *Allen,* 94 Cal.App.2d 941, 943 [211 P.2d 923].) We think the record discloses that the claim of appellant that the testimony of respondent was inherently improbable signally fails to meet the tests imposed under the foregoing statement of the rule.

The judgment is affirmed.

Peek, J., and Schottky, J. pro tem., concurred.